1

2

3

4

5

6

7

8     IN THE UNITED STATES DISTRICT COURT

9     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AMANDA U. AJULUCHUKU,

11          Plaintiff,                    No. CIV 2:12-cv-2203-JAM-JFM (PS)

12      vs.

13   UNITED AIRLINES,

14          Defendant.              <u>ORDER</u>

15   _____/

16          Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to and

17   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This

18   proceeding was referred to this court by Local Rule 72-302(c)(21).

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25   § 1915(e)(2).

26   /////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the complaint filed August 23, 2012, plaintiff claims, inter alia, that she was poisoned on a United Airlines flight from New York City, New York to Los Angeles, California in February 2012, that her son was kidnaped and her father murdered by Baltimore Police Officers, that she is being discriminated against on account of her race and physical disability, and that a doctor at UCLA extracted two teeth when defendant(s) attempted to murder her in February 2012.  The court finds the allegations in plaintiff's complaint so fantastical and bizarre that it concludes that plaintiff's complaints are "clearly baseless."  Neitzke, 490 U.S. at 327.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

/////

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3   amended complaint be complete in itself without reference to any prior pleading.  This is

4   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7   original complaint, each claim and the involvement of each defendant must be sufficiently

8   alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request to proceed in forma pauperis is granted;

11    2.  Plaintiff's complaint is dismissed; and

12    3.  Plaintiff is granted thirty days from the date of service of this order to file an

13   amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

14   and the Local Rules of Practice; the amended complaint must bear the docket number assigned

15   this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

16   copies of the amended complaint; failure to file an amended complaint in accordance with this

17   order will result in a recommendation that this action be dismissed.

18   DATED: September 18, 2012.

19

20

21   UNITED STATES MAGISTRATE JUDGE

22   /014;ajul2203.dismissifp.lta

23

24

25

26