IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. AJULUCHUKU,

       Plaintiff,                      No. CIV 2:12-cv-2203-JAM-JFM (PS)

    vs.

UNITED AIRLINES,

       Defendant.              <u>ORDER</u>

_____/

       Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

       Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

/////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the complaint filed August 23, 2012, plaintiff claims, inter alia, that she was poisoned on a United Airlines flight from New York City, New York to Los Angeles, California in February 2012, that her son was kidnaped and her father murdered by Baltimore Police Officers, that she is being discriminated against on account of her race and physical disability, and that a doctor at UCLA extracted two teeth when defendant(s) attempted to murder her in February 2012. The court finds the allegations in plaintiff's complaint so fantastical and bizarre that it concludes that plaintiff's complaints are "clearly baseless." Neitzke, 490 U.S. at 327.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

/////

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
2 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
3 amended complaint be complete in itself without reference to any prior pleading.  This is
4 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
5 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
6 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
7 original complaint, each claim and the involvement of each defendant must be sufficiently
8 alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request to proceed in forma pauperis is granted;

11    2.  Plaintiff's complaint is dismissed; and

12    3.  Plaintiff is granted thirty days from the date of service of this order to file an
13 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
14 and the Local Rules of Practice; the amended complaint must bear the docket number assigned
15 this case and must be labeled "Amended Complaint"; plaintiff must file an original and two
16 copies of the amended complaint; failure to file an amended complaint in accordance with this
17 order will result in a recommendation that this action be dismissed.

18 DATED: September 18, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;ajul2203.dismissifp.lta