IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. AJULUCHUKU,

    Plaintiff,          No. CIV 2:12-cv-2203-JAM-JFM (PS)

vs.

UNITED AIRLINES,

    Defendant.          FINDINGS & RECOMMENDATIONS

_____/

    Plaintiff is proceeding in this action pro se. By order filed September 19, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed both a first and second amended complaint.

    Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

1

Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Because the second amended complaint on file supersedes any previously filed complaints, the court will consider the allegations in that pleading.  On review, the court finds those allegations to be identical to those set forth in the dismissed complaint.  That is, plaintiff again claims, inter alia, that she was poisoned on a United Airlines flight from New York City to Los Angeles in February 2012, that her son was kidnaped and her father murdered by Baltimore Police Officers, that she is being discriminated against on account of her race and physical disability, and that a doctor at UCLA extracted two teeth when defendant(s) attempted to murder her in February 2012.  The court again finds the allegations in plaintiff's complaint so fantastical and bizarre that it concludes that plaintiff's complaints are "clearly baseless."  Neitzke, 490 U.S. at 327.

Furthermore, the federal venue statute requires that a civil action based on diversity jurisdiction be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a).

Defendant does not reside in this district, nor does plaintiff presently reside in this district.  The claim arose in either New York City, which is in the Southern District of New York, or in Los Angeles, which is in the Central District of California.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Southern District of New York or the Central District of California.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

1 transfer such case to any district or division in which it could have been brought." 28 U.S.C.
2 § 1406(a).  A court may sua sponte dismiss based on defective venue.  <u>Costlow v. Weeks</u>, 790
3 F.2d 1486, 1488 (9th Cir. 1986).
4   Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
5   These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
7 days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  <u>Turner v.</u>
11 <u>Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: November 1, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

16 /014;ajul2203.dism